IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-007-RJC-DCK

| | |
|---|---|
| DAVID LEE PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| CARROLL PAYNE JONES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion to Dismiss" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

### I. BACKGROUND

Plaintiff David Lee Philips ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on January 6, 2020, pursuant to 42 U.S.C. 1983. Plaintiff's Complaint asserts eight separate counts of negligence arising from a foot surgery against Defendant Dr. Carroll Payne Jones ("Defendant"). The surgery at issue took place on January 6, 2017.[1] (Document No. 1, p. 2). Plaintiff alleges that not only did the surgery fail to realign and straighten his left foot, but it also permanently damaged his big toe as to "mak[e] it more painful and difficult for [Plaintiff] to stand and walk." Id. As a result of the surgery, Plaintiff is

---

[1] The undersigned observes that North Carolina's statute of limitations may bar Plaintiff from re-filing his complaint in North Carolina State Court. See (Document No. 1, p. 9). The undersigned expresses no opinion as to the merits of what are essentially medical malpractice allegations.

experiencing "mental anguish, stress, depression, and lack of sleep."  Id.  Plaintiff is "seeking a maximum of $5,000,000 in compensation due to negligence."  Id. at 10.

"Defendant's Motion To Dismiss" (Document No. 4) and "Defendant's Memorandum Of Law In Support Of Motion To Dismiss" (Document No. 4-1) were filed on January 16, 2020. Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The Court issued a "Roseboro Notice" (Document No. 7) on February 3, 2020, informing *pro se* Plaintiff of his right to respond to the pending motion.  Plaintiff timely filed his "Response To Defendant's Motion To Dismiss" (Document No. 8) on February 13, 2020.

Defendant failed to file a reply brief, or a notice of intent not to reply, and the time to do so has lapsed.  See Local Rule 7.1 (e).

The matter is now ripe for review and a recommendation to the Honorable Robert J. Conrad.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The Plaintiff has the burden of proving that subject matter jurisdiction exists.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case.  Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiff has not stated grounds for jurisdiction based on diversity, but rather alleges that federal jurisdiction is proper under 42 U.S.C. § 1983. Plaintiff notes that Defendant "is a practicing physician/orthopedic surgeon who is a licensed medical professional in the state of North Carolina." (Document No. 1, p. 2). Plaintiff further contends that Defendant is "an employee or partner of OrthoCarolina, PA, which is an entity formed and operating under the laws of the State of North Carolina." (Document No. 8, p. 2).

Defendant asserts that Plaintiff has failed to establish that this Court has subject matter jurisdiction and has failed to state a claim upon which relief can be granted. (Document No. 4-1, p. 3). Defendant argues that he is a private actor and that his state-issued medical licensure does not form a sufficient nexus between Defendant and the State as to permit jurisdiction under 42 U.S.C. § 1983, and thus, 28 U.S.C. § 1331. Id. at 4. Defendant notes that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising under tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Id. (citing Baker v. McCollan, 443 U.S. 137, 146 (1979)).

Because Plaintiff has not stated grounds for jurisdiction based on diversity, the undersigned will address jurisdiction pursuant to 42 U.S.C. § 1983.

3

To state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  See American Manufacturers Mutual Ins. Co v. Sullivan, 526 U.S. 40, 49-50 (1999).  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).  Under 42 U.S.C. § 1983, conduct is only actionable when it is "fairly attributable to the state."  United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 906 (4th Cir. 1995).

The Fourth Circuit has articulated three situations in which conduct by a private entity could be attributable to the state:

> (1) a sufficiently close nexus exists between a regulated entity and a state such that the actions of the regulated entity are fairly treated as those of the state;  (2) the state has exercised coercive power or has provided such significant encouragement that the action must be deemed that of the state;  and (3) the private entity has exercised powers that are traditionally the exclusive prerogative of the state."

Mentavlos v. Anderson, 249 F.3d 301, 313 (4th Cir. 2001).

In this case, Defendant is a physician employed by OrthoCarolina. Plaintiff appears to suggest that because Defendant's employer is "an entity formed and operating under the laws of the State of North Carolina," Defendant is therefore operating under the color of law. (Document No. 8, p.2).  However, that a business is subject to state regulation does not by itself convert its action – and by extension the action of its employees – into state action.  See American Manufacturers Mutual Ins. Co., 526 U.S. at 52 (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974)).

4

Therefore, the only question left to the Court is whether a state-issued medical license is a sufficient nexus upon which to attribute Defendant's conduct to the state. The undersigned concludes that it is not. See Blum v. Yaretsky, 457, U.S. 991, 1011 (1982) (finding that the issuance of a state license to operate a nursing home does not constitute "state action"); see also Moose Lodge 107 v. Irvis, 407 U.S. 163, 176-77 (1972) (finding that a state liquor license did not make the state "in any realistic sense a partner or even a joint venture in the club's enterprise.").

Because Defendant's conduct cannot be fairly attributed to the state, Plaintiff has failed to demonstrate federal jurisdiction is proper under 42 U.S.C. § 1983. See Philips v. Pitt County Memorial Hospital., 503 F.Supp.2d 776, 784 (E.D.N.C. 2007), aff'd 572 F.3d 176 (4th Cir. 2009) (concluding that defendants, hospital administrators, "did not act under color of state law" and granting defendant's motion to dismiss pursuant to 12(b)(1) and 12(b)(6)); see also Estate of Williams-Moore v. All One Receivables Mgmt., Inc., 335 F.Supp.2d 636, 648 (M.D.N.C. 2004) (granting dismissal of the plaintiff's § 1983 claim because defendants were private entities despite plaintiff's conclusory allegation that defendants were "under color of state law."); Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973) (declining to find federal-subject matter jurisdiction because "[m]ere conclusory allegations in the complaint are insufficient to support jurisdiction.").

Based on Defendant's arguments and the foregoing authority, the undersigned is persuaded that this matter should be dismissed for lack of subject matter jurisdiction.

**B. Supplemental Jurisdiction**

Defendant contends that if this Court dismisses any purported federal claims under 42 U.S.C. § 1983, it maintains the authority to decide any remaining state law claims. (Document 4-1, p.4) (referencing 28 U.S.C. § 1367(c)(3)). Defendant asks the Court to exercise supplemental jurisdiction and contends that "judicial efficiency would be served by this Court's ruling on the

5

merits of Plaintiff's non-federal claims rather than dismissing them with prejudice." (Document No. 4-1, pp. 4-5). *Pro se* Plaintiff's response does not address supplemental jurisdiction. (Document No. 8).

It is true that, when a district court dismisses pursuant to Rule 12(b)(6), the court may still exercise its discretion to retain supplemental jurisdiction over related state-law claims. However, if the Court adopts the undersigned's reasoning to dismiss pursuant to 12(b)(1), the Court should decline to exercise supplemental jurisdiction and dismiss all claims. See Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); see also Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017); Herman Family Revocable Trust v. Teddy Bear, 253 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

The undersigned concludes that there is no diversity between these parties and no federal question properly before the Court; therefore, this matter should be dismissed in its entirety for lack of subject matter jurisdiction.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion to Dismiss" (Document No. 4) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 30, 2020

_____
David C. Keesler
United States Magistrate Judge

7

Case 3:20-cv-00007-RJC-DCK   Document 9   Filed 07/01/20   Page 7 of 7